UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL MYERS, | ) | CASE NO. 1:21-cv-2381 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation ("R&R") of Magistrate Judge Amanda M. Knapp, recommending that this Court affirm the decision by defendant Commissioner of Social Security (the "Commissioner") denying plaintiff Cheryl Myers' ("Myers") application for Disability Insurance Benefits ("DIB"). (Doc. No. 11.) Myers filed objections to the R&R (Doc. No. 12), and the Commissioner filed a response (Doc. No. 13).[1] Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

I. **BACKGROUND**[2]

Myers filed the instant action seeking judicial review of the final decision the Commissioner denying her application for DIB. (Doc. No. 1.) She filed her application for DIB on March 19, 2019,

---

[1] The magistrate judge issued the R&R on December 2, 2022, with the explicit instruction that any objections to the R&R must be filed within fourteen (14) days of the date on which the R&R was served. The R&R was served on Myers' counsel on the same day it was issued via ECF. Thus, any objections to the R&R were due on December 16, 2022. Myers filed objections to the R&R on December 19, 2022. As Myers objections were untimely, they could be overruled on this basis. *See* 28 U.S.C. 636(b)(1)(C); Fed. R. Civ. P. 72(b). Nevertheless, in the interest of justice, this Court will consider Myers' untimely objections. The Court also notes that the Commissioner did not object to Myers' objections as untimely in its response.

[2] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background deemed pertinent to Myers' objections to the R&R.

alleging a disability onset date of July 25, 2018. (Doc. No. 6 (Administrative Transcript), at 107.[3]) She alleged disability due to scoliosis, degenerative disc disease of the cervical and lumbar spine, and chronic pain. (*Id.*)

Myers' application was denied at the initial level (*id.* at 116), and upon reconsideration. (*Id.* at 130.) She then requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 149.) A telephonic hearing was held before the ALJ on October 20, 2020. (*Id.* at 69–105.) On November 5, 2020, the ALJ issued a decision finding that although Myers had the following severe impairments: Ehlers-Danlos syndrome; degenerative disc and joint disease and scoliosis of the spine; and post laminectomy syndrome/central pain syndrome with polyarthralgia (*id.* at 51), she had not been under a disability within the meaning of the Social Security Act at any time from July 25, 2018, through her date last insured, and she was able to perform past relevant work as a claims representative; recruiter/account manage; and a receptionist (*id.* at 61, 64).

On October 28, 2021, the Appeals Council denied Myers' request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 5–7.) Myers then filed the instant case seeking review of the Commissioner's decision.

## II. STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R.

---

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]")

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (further citations omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004)).

### III. DISCUSSION

Myers objects to the R&R on the bases that the magistrate judge should not have accepted the ALJ's decision because (1) the ALJ failed to properly evaluate Myers' subjective allegations pursuant to Social Security Ruling 16-3p, and, thus, the ALJ's decision was not supported by substantial evidence, and (2) the ALJ failed to build an accurate and logical bridge between the evidence and the result. The Court will consider each objection in turn.

#### A. Accurate and Logical Bridge Between Evidence and Result

In her objections, Myers contends that the ALJ "d[id] not build an accurate and local[sic] bridge between the evidence and the result[,]" (Doc. No. 12, at 1), because the ALJ's found that Myers' subjective allegations of pain were not supported by or were inconsistent with the objective evidence "without providing any logical basis for the reasoning." (*Id.* at 3.) Myers did not raise this issue in her complaint. (*See* Doc. No. 1 (Complaint) (raising lack of substantial evidence as only issue); *see also* Doc. No. 8 (Plaintiff's Brief on the Merits).) An issue raised for the first time as an

4

objection to a report and recommendation is considered previously waived and is not a proper basis for an objection. *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) ("'[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.'" (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)) (collecting cases noting that "issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")). For this reason alone, this objection is overruled.

But, even if the Court were to conduct a *de novo* review of this issue, Myers' objection would be overruled because the ALJ did build a proper logical bridge between the evidence and the result. The ALJ spent almost ten pages walking through the various record evidence that they considered when evaluating Myers' functional capacity and subjective allegations. (Doc. No. 6, at 52–61.) For each subjective allegation, the ALJ pointed to the specific evidence supporting Myers' allegation (testimony and medical reports) and then pointed to the specific objective evidence that was either inconsistent or otherwise failed to support Myers' subjective allegations. (*Id.*) In fact, Myers seems to concede that" the ALJ provide[d] a number of reasons," as to why Myers' subjective allegations fail, and Myers' true contention is that these reasons are "insufficient to stand as supported by substantial evidence." (Doc. No. 12, at 3.)

This Court finds that the ALJ built an accurate and logical bridge between the evidence and the result. Accordingly, Myers' objection to the R&R on this basis is overruled.

**B. Substantial Evidence Contrary to Myers' Subjective Allegations**

Myers contends that the magistrate judge erred by accepting the ALJ's decision because the decision was not supported by substantial evidence. (Doc. No. 12, at 2.) Myers contends that the reasons the ALJ found Myers' subjective allegations inconsistent or unsupported by objective

5

evidence were "[in]valid reasons" and "[not] supported by substantial evidence." (*Id.*) Myers then points to a few specific findings with which she seems to take issue.

For example, Myers contends that "the fact that she did not exhibit abnormal pain behaviors and did not appear to be in distress is not a valid reason to reject [her] allegations of pain, given the objective evidence of record." (*Id.* at 4.) Myers then points to evidence that supports her subjective allegations of pain. (*Id.*) In essence, Myers asks this Court to reweigh the evidence considered by the ALJ and find in her favor. But the fact that there is evidence to support Myers' subjective allegations of pain does not warrant reversing the ALJ's decision so long as the ALJ's decision is supported by substantial evidence. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

Having reviewed the R&R and the ALJ's decision, this Court finds that the magistrate judge was correct to recommend affirming the ALJ's decision because the ALJ's decision was supported by substantial evidence. As set forth above, the ALJ walked through all the evidence she considered when determining Myers' functional capacity and capability for performing past relevant work. (Doc. No. 6, at 52–61.) The ALJ pointed to evidence of specific subjective allegations, followed by specific objective evidence that the ALJ found was either inconsistent or otherwise unsupportive of Myers' subjective allegations. (*Id.*)

For example, the ALJ found that Myers' subjective allegations were not supported by the objective evidence, in part, because of her non-compliance with her treatment. (*Id.* at 59.) Myers offers reasons for her non-compliance, namely lack of insurance and lack of benefit received from

certain medication, (Doc. No. 12, at 5), but these reasons do not negate the fact that the ALJ relied on other substantial evidence in determining non-compliance (*e.g.*, Myers continued smoking cigarettes despite counseling on smoking cessation and no record evidence that Myers attempted low cost or free medical clinics when she lacked insurance coverage) (Doc. No. 6, at 59). As another example, the ALJ found that Myers' subjective allegations of pain were inconsistent with objective evidence of her ability to perform daily activities. (*Id.* at 58.) Myers contends the ALJ was "selective in the reasoning" and did not consider Myers' "need for assistance from her family for many activities" and "her difficulties with cleaning" and "bending to put [on] shoes/socks." (Doc. No. 12, at 4.) The ALJ's reasoning did acknowledge that Myers' children help her around the house and that she has difficulty cleaning on her hands and knees, but the ALJ's decision pointed to other substantial objective evidence that outweighed the evidence Myers' points to in her objections (*e.g.*, ability to maintain her grooming and hygiene without home assistance; ability to operate a motor vehicle on average twice daily; ability to concentrate and research her symptoms on the computer; ability to sit and make photobooks on the computer for thirty minutes at a time; ability to clean her house (just not on her hands and knees); and the ability to run errands[4]) (Doc. No. 6, at 58).

While the Court acknowledges, as does the ALJ,[5] that at least some evidence pointed to Myers' being disabled, it is not the role of this Court to reweigh the evidence and reverse the ALJ's decision in Myers' favor, even if evidence supports Myers' position. *See Worthy v. Comm'r of Soc. Sec.*, No. 1:20-cv-446, 2021 WL 2905265, at *10 (N.D. Ohio Jan. 27, 2021) ("At most [the claimant]

---

[4] The ALJ noted that "these activities are not synonymous with full time remunerative work," but found that "these activities support the [ALJ's] assessed functional capacity limitations" (Doc. No. 6, at 58), which included limitations such as lifting/carrying, balance, climbing, workplace hazards, and providing a sit/stand option. (*Id.* at 60–61.)

[5] It is worth making clear that the ALJ did not completely dismiss Myers' complaints and, rather, included certain limitations based on her complaints "in the residual functional capacity to the extent that they were consistent with the evidence as a whole." (Doc. No. 6, at 61.) For example, as noted above, the ALJ incorporated limitations such as

has shown how the ALJ could have reached the opposite conclusion on her Listings argument; but that is not enough to sustain her burden of proof."), *report and recommendation adopted by* 2021 WL 2388891 (N.D. Ohio June 11, 2021); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281–82 (6th Cir. 2009) ("'The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.'" (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)); *see also Reusel v. Comm'r of Soc. Sec.*, No. 5:20-cv-1291, 2021 WL 1697919, at *9 (N.D. Ohio Apr. 29, 2021) (same) (citations omitted). Because the ALJ's decision was supported by substantial evidence, Myers' objection contending otherwise is overruled.

## IV. CONCLUSION

For the reasons discussed above, Myers' objections to the R&R are OVERRULED. (Doc. No. 12.) The R&R is ACCEPTED. (Doc. No. 11.) Because the Commissioner's decision to deny DBI is supported by substantial evidence, that decision is AFFIRMED, and this case is DISMISSED.

**IT IS SO ORDERED**.

Dated: January 24, 2023

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

lifting/carrying, balance, climbing, workplace hazards, and providing a sit/stand option. (*Id.* at 60–61.)

8